UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : CASE NO. *18-65224* |
| | : |
| TRENT ONDREA JONES and | : |
| BRIDGET LASHELL JONES | : |
| | : |
| | : CHAPTER 13 |
| | : |
| Debtors. | : JUDGE SACCA |

**NOTICE OF FILING OF MODIFICATION OF CONFIRMED PLAN,
DEADLINE FOR FILING WRITTEN OBJECTIONS AND
HEARING DATE AND TIME IF OBJECTION IS TIMELY FILED**

TO: Creditors and Other Parties in Interest

**PLEASE TAKE NOTICE** that the Debtors have filed a proposed modification to the confirmed plan in this case, a copy of which modification you are receiving with the notice or have recently received by mail. Pursuant to Rule 3015(g) of the Federal Rules of Bankruptcy Procedure, any creditor or other party in interest opposing this proposed modification must file that objection in writing with the Court on or before the following deadline.

**DEADLINE FOR FILING OBJECTION**: Twenty-four (24) days after the date on which their proposed Modification was filed. The proposed modification was filed on October 28, 2020. If the twenty-third day after the date of service falls on a weekend or holiday, the deadline is extended to the next business day.

**PLACE OF FILING:**

**United States Courthouse
Bankruptcy Clerk, Room 1340
75 Ted Turner Dr. SW
Atlanta, GA 30303**

If you mail an objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also serve a copy on the undersigned at the address stated below and on the debtors at: P.O. Box 80082, Atlanta, GA 30366.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the proposed Modification

is timely filed, the Court will hold a hearing on the modification in Courtroom 1404 (14th Floor) of the United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, GA 30303 at 9:40 AM on December 1. 2020. If no objection is timely filed, the proposed Modification will be effective pursuant to 11 U.S.C. §1329(b)(2) as part of the Confirmed Plan without further order or notice.

**"Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations Du ring COVID-19 Outbreak tab at the top of the GANB website prior to the hearing for instructions on whether to appear in person or by phone."**

Dated: October 28, 2020

                                            Respectfully submitted,
                                            Ginsberg Law Offices, P.C.

                                            /s/
                                            Jonathan C. Ginsberg
                                            Attorney for Debtors
                                            Georgia Bar No. 295690
                                            Ginsberg Law Offices, P.C.
                                            1854 Independence Square
                                            Atlanta, GA 30338
                                            Phone: 770-393-4985
                                            Fax: 770-393-0240
                                            E-mail: ginsbergecf@gmail.com

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Trent Ondrea Jones** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Bridget Lashell Jones** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **18-65224-JRS**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
1.3, 2.3, 8.1

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☑ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☑ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

| Debtor | **Trent Ondrea Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|
| | **Bridget Lashell Jones** | | |

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*    ☐ 36 months    ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$470.77** per **Bi-Weekly** for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*
☐ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

§ 2.2    **Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*
☑   Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐   Debtor(s) will make payments directly to the trustee.

☐   Other (specify method of payment):

§ 2.3    **Income tax refunds.**

*Check one.*

☐   Debtor(s) will retain any income tax refunds received during the pendency of the case.

☑   Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years **2018, 2019, 2020, 2021, 2022**, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐   Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

§ 2.4    **Additional Payments.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

§ 2.5    [Intentionally omitted.]

§ 2.6    **Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

| Debtor | **Trent Ondrea Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|
| | **Bridget Lashell Jones** | | |

**(1) First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursement after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

(4) Unless the debtor(s) timely advise(s) the trustee in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| **Part 3:** | **Treatment of Secured Claims** |
|---|---|

**§ 3.1    Maintenance of payments and cure of default, if any.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor | **Trent Ondrea Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|
| | **Bridget Lashell Jones** | | |

§ 3.2    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☐    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑    The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | Ally Financial | $25,524.96 | 2010 Cadillac Escalade 70000 miles major accident 9/12/14 | $20,000.00 | $0.00 | $20,000.00 | 7.00% | $175.00 | $401.63 |

§ 3.3    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Debtor | **Trent Ondrea Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|
| | **Bridget Lashell Jones** | | |

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| Capital One Auto Finance | 2010 Cadillac Escalade 70000 miles | 8/13/2013 | $14,719.84 | 3.18% | $250.00 | $269.83 |

§ 3.4   Lien avoidance.

*Check one.*

☑  **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5   Surrender of collateral.

*Check one.*

☐  **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑  The debtor(s) elect(s) to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request(s) that, upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Confirmation of the plan results in termination of such stays. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. No payments as to the collateral will be made, and all secured claims based on the collateral will not otherwise be treated by the plan.

| Name of Creditor | Collateral |
|---|---|
| Capital One Auto Finance | 2013 Mercedes C250 45000 miles |

§ 3.6   Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of **5.00** %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**Part 4:   Treatment of Fees and Priority Claims**

| Debtor | **Trent Ondrea Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|
| | **Bridget Lashell Jones** | | |

### § 4.1 General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2 Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3 Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $ __4,750.00__. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $ __205.00__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $ __2,000.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $ __2,000.00__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 10 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4 Priority claims other than attorney's fees.

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

(a) *Check one.*

☑ The debtor(s) has/have no domestic support obligations. *If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.*

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| Georgia Department of Revenue | $0.00 |
| IRS, Insolvency | $7,643.59 |

**Part 5:    Treatment of Nonpriority Unsecured Claims**

| Debtor | **Trent Ondrea Jones**<br>**Bridget Lashell Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|

§ 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☑ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

§ 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed directly by the debtor(s). The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name of creditor | Estimated amount of arrearage | Monthly plan payment on arrearage |
|---|---|---|
| Navient Solutions, LLC | $0.00 | $0.00 |
| U.S. Dept. of Education | $0.00 | $0.00 |

§ 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:** **Executory Contracts and Unexpired Leases**

§ 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:** **Vesting of Property of the Estate**

§ 7.1 Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

**Part 8:** **Nonstandard Plan Provisions**

| Debtor | **Trent Ondrea Jones** | Case number | **18-65224-JRS** |
|---|---|---|---|
| | **Bridget Lashell Jones** | | |

§ 8.1  Check "None" or List Nonstandard Plan Provisions.

☐   None. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)*

**Due to a material financial hardship caused by the public health emergency, the term of debtors' plan is extended up to eighty-four (84) months pursuant to 11 U.S.C. Section 1329(d) by the Coronavirus Aid, Relief and Economic Security Act ("CARES Act").**

## Part 9: Signatures:

§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).

*The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.*

X  **/s/ Trent Ondrea Jones**
**Trent Ondrea Jones**
Signature of debtor 1 executed on    **October 27, 2020**

X  **/s/ Bridget Lashell Jones**
**Bridget Lashell Jones**
Signature of debtor 2 executed on    **October 27, 2020**

**3777 Murdock Lane**
**Duluth, GA 30096**

**3777 Murdock Lane**
**Duluth, GA 30096**

X  **/s/ Jonathan C. Ginsberg**
**Jonathan C. Ginsberg 295690**
Signature of attorney for debtor(s)

Date:  **October 27, 2020**

**Ginsbeg Law Offices, P.C.**

**1854 Independence Square**
**Atlanta, GA 30338**

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CASE NO. *18-65224*

TRENT ONDREA JONES and
BRIDGET LASHELL JONES

: CHAPTER 13

Debtors. : JUDGE SACCA

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

We, Trent Ondrea Jones and Bridget Lashell Jones, hereby certify under penalty of perjury that we have direct knowledge of the information in the attached pleading and it is true and correct to the best of our knowledge.

Signed /s/_____   Date: __10/28/20__
   Trent Ondrea Jones

Signed /s/_____   Date: __10/28/20__
   Bridget Lashell Jones

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on this day I served the following parties with a copy of the attached "Post-Confirmation Modification of Plan and Request for its Approval" by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

Trent and Bridget Jones
P.O. Box 80082
Atlanta, GA 30366

United States Trustee
3rd Floor Russell Federal Building
75 Ted Turner Dr. SW
Atlanta, GA 30303

I further certify that Nancy J. Whaley, the Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

And, in the same manner, I served the parties listed on the attached mailing matrix by e-mail if so requested or by postal mail at the addresses indicated therein.

Dated: October 28, 2020

/s/
Jonathan C. Ginsberg
Attorney for Debtors
Georgia Bar No. 295690
Ginsberg Law Offices, P.C.
1854 Independence Square
Atlanta, GA 30338
Phone: 770-393-4985
Fax: 770-393-0240
E-mail: ginsbergecf@gmail.com

```
Label Matrix for local noticing          AICA Ortho Spine                         Ally Financial
113E-1                                   P.O. Box 500067                          P.O. Box 130424
Case 18-65224-jrs                        Atlanta, GA 31150-0067                   Saint Paul, MN 55113-0004
Northern District of Georgia
Atlanta
Tue Oct 27 16:50:54 EDT 2020

Ally Financial                           Ashley Funding Services, LLC ISAOA as assign   Ashley Funding Services, LLC its successors
PO Box 130424                            Reimbursement Technologies, Inc.               assigns as assignee of Reimbursement
Roseville, MN 55113-0004                 Resurgent Capital Services                     Technologies, Inc.
                                         PO Box 10587                                   Resurgent Capital Services
                                         Greenville, SC 29603-0587                      PO Box 10587
                                                                                        Greenville, SC 29603-0587

Brown Arrowhead Clinic                   Bureaus Investment #15                    Bureaus Investment Group Portfolio No 15 LLC
P.O. Box 142219                          c/o PRA Receivables                       c/o PRA Receivables Management, LLC
Fayetteville, GA 30214-6511              P.O. Box 41021                            PO Box 41021
                                         Norfolk, VA 23541-1021                    Norfolk VA 23541-1021


Capital One Auto Finance                 Capital One Auto Finance, a division of Capi   Capital One Bank
4515 N Santa Fe Ave. Dept. APS           4515 N Santa Fe Ave. Dept. APS                 P.O. Box 71083
Oklahoma City, OK 73118-7901             Oklahoma City, OK 73118-7901                   Charlotte, NC 28272-1083


Capital One, N.A.                        Capital One, NA                          (p)JPMORGAN CHASE BANK  N A
c/o Becket and Lee LLP                   c/o Becket and Lee LLP                   BANKRUPTCY MAIL INTAKE TEAM
PO Box 3001                              P.O. Box 3001                            700 KANSAS LANE FLOOR 01
Malvern PA 19355-0701                    Malvern, PA 19355-0701                   MONROE LA 71203-4774


Comenity Capital Bank/Paypal             Department Stores Nat'l Bank             Department of Justice, Tax Div
co Weinstein & Riley PS                  c/o Quantum3 Group, LLC                  Civil Trial, Southern Region
2001 Western Ave., Suite 400             P.O. Box 657                             P.O. Box 14198
Seattle, WA 98121-3132                   Kirkland, WA 98083-0657                  Washington, DC 20044-4198


Discover Bank                            (p)GEORGIA DEPARTMENT OF REVENUE         Jonathan C. Ginsberg
Discover Products, Inc.                  COMPLIANCE DIVISION                      Ginsberg Law Office, PC
P.O. Box 3025                            ARCS BANKRUPTCY                          1854 Independence Square
New Albany, OH 43054-3025                1800 CENTURY BLVD NE SUITE 9100          Atlanta, GA 30338-5150
                                         ATLANTA GA 30345-3202


IRS, Insolvency                          Internal Revenue Service                 Bridget Lashell Jones
P.O. Box 7346                            401 W. Peachtree St., NW                 P.O. Box 80082
Philadelphia, PA 19101-7346              Stop 334-D                               Atlanta, GA 30366-0082
                                         Atlanta, GA 30308


Trent Ondrea Jones                       Maria C. Joyner                          LVNV Funding, LLC its successors and assigns
P.O. Box 80082                           Nancy J. Whaley,                         assignee of Citibank, N.A.
Atlanta, GA 30366-0082                   Standing Chapter 13 Trustee              Resurgent Capital Services
                                         Suite 120                                PO Box 10587
                                         303 Peachtree Center Avenue              Greenville, SC 29603-0587
                                         Atlanta, GA 30303-1286


LVNV Funding, LLC its successors and assigns   LVNV Funding/Citibank              LVNV Funding/GE Money
assignee of GE Money Bank                      Resurgent Capital                  Resurgent Capital
Resurgent Capital Services                     10587                              10587
PO Box 10587                                   Greenville, SC 29603-0587          Greenville, SC 29603-0587
Greenville, SC 29603-0587
```

Vanessa A. Leo
Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway NE
Suite 300
Atlanta, GA 30346-1305

Navient Solutions, LLC
PO Box 9635
Wilkes-Barre, PA 18773-9635

Navient Solutions, LLC
220 Lasley Ave.
Wilkes Barre, PA 18706-1430

Navient Solutions, LLC. on behalf of
Department of Education Loan Services
PO BOX 9635
Wilkes-Barre, PA 18773-9635

Office of the Attorney General
40 Capitol Square SW
Atlanta, GA 30334-9057

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Premier Bankcard
Jefferson Capital
P.O. Box 7999
Saint Cloud, MN 56302-7999

Premier Bankcard, Llc
Jefferson Capital Systems LLC Assignee
Po Box 7999
Saint Cloud Mn 56302-7999

SYNCHRONY BANK
c/o Weinstein & Riley, PS
2001 Western Ave., Ste 400
Seattle, WA 98121-3132

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

U.S. Dept. of Education
c/o Nelnet
121 South 13th St., Suite 201
Lincoln, NE 68508-1911

United States Attorney
600 Russell Federal Building
75 Ted Turner Dr. SW
Atlanta, GA 30303-3315

United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Bank, NA
Wells Fargo Card Services
P.O. Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438

Nancy J. Whaley
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303-1216

eCast Settlement Corporation
P.O. Box 29262
New York, NY 10087-9262

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Chase Bank
P.O. Box 15123
Wilmington, DE 19850-5123

Georgia Department of Revenue
ARCS-Bankruptcy
1800 Century Blvd. NE, Ste 9100
Atlanta, GA 30345-3202

Portfolio Recovery Associates
successor to Synchrony
P.O. Box 41067
Norfolk, VA 23541

(d)Portfolio Recovery Associates, LLC
POB 41067
Norfolk VA 23541

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Ally Financial Inc. | (d)Capital One Auto Finance<br>4515 N. Santa Fe Ave.<br>Dept. APS<br>Oklahoma City, OK 73118-7901 | End of Label Matrix<br>Mailable recipients   48<br>Bypassed recipients    2<br>Total                 50 |